FILED

SEP 1 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Gary Christian
400 Walnut Grove
Washington, WV 26181
Phone: 304-863-8333

vs.

Philip Mangano, Executive Director
United States Interagency Council on Homelessness
Federal Center SW
409 Third Street, SW
Suite 310
Washington, DC 20024

Case: 1:07-cv-01607
Assigned To : Urbina, Ricardo M.
Assign. Date : 9/11/2007
Description: Employ. Discrim.

JURY ACTION

## **COMPLAINT**

On October, 15 2003 I was interviewed and hired as a cotract/temporary employee at the United States Interagency Council on Homelessness (USICH) under the direction of Philip F. Mangano, Executive Director.  On February 15, 2004 I was hired as a full time federal employee with the job title of Program Analyst, GS-12 for the USICH.  My first-level supervisor was Philip Mangano, Executive Director, and my second-level supervisor was Mary Ellen Hombs, Deputy Director.  The office administrator was Margretta Kennedy.

Beginning January 2, 2005 I was given the responsibility of managing the executive director's calendar, preparing his speeches, preparing briefing materials, scheduling travel arrangements including flights and hotel accommodations as

well as managing the agency's media file which included both electronic and hard copy news articles written about the agency and the executive director. I continued to perform these duties after being hired as a Program Analyst.

On March 11, 2004 I received a call from Philip Mangano, who was in Boston, MA at the time, requesting any messages that I might have for him. Prior to receiving his call I had received an email message from Mary Ellen Hombs requesting that I conduct an internet search for news articles from Chattanooga, TN and Waterbury, CT reporting on Mr. Mangano's visits to these two locations. I gave Mr. Mangano the messages that I had for him and he proceeded to ask about news articles from Chattanooga, TN. I told him that there were no online news articles available at that time regarding his trip to Chattanooga and he proceeded to say "If I had a gun to your head, and I knew that there was a bullet in the cartridge, I would pull the trigger. I know that there is an article in the Waterbury newspaper and I want you to find it! Now do your job!" He then hung up the phone on me.

I contacted Margretta Kennedy, the office administrator, who advised me to report the incident to the director of the employee assistance program, Deborah Rizzo, at the Department of Housing and Urban Development (HUD). Ms. Rizzo instructed me to write a formal complaint (copy available as evidence) to the office administrator and to send a copy to her. A copy was then forwarded to the office

of the Secretary of HUD and an informal investigation was made. I never

received an answer to my complaint and no apology was made.

Following this instance, verbal abuse and scapegoating continued. I was cursed at

for flights being delayed; because a fax machine might not work in a hotel where

the executive director was lodging; and because the executive director did not

have first class or exit row seats on a flight. All of which were out of my control.

Never once during my tenure at the USICH was I written up or reprimanded

formally for the work that I performed

In March 2005 Margretta Kennedy resigned from her position as office

administrator telling me that she was being asked to approve travel for the

executive director that was not considered official business and that she was not

willing to perform an act, considered illegal in the federal government, for the

convenience of the executive director. In April 2005 Darren Franklin was hired as

office administrator and assumed all of the duties formally held by Ms. Kennedy.

In September 2005 Mr. Franklin brought in Cynthia Miller as a temporary

employee to answer the phones and to perform general clerical work. It was

obvious that Mr. Franklin and Ms. Miller were friends prior to her being hired due

to their friendly conversations and frequent one-on-one meetings in Mr. Franklin's

office. I later learned that Mr. Franklin and Ms. Miller are of the same religious

faith and that they were "saved" and that her assignment to work for the USICH was not a chance encounter as most assignments from temporary agencies usually are.

On November 23, 2005 I was asked to report to Darren Franklin's office prior to early departure for the Thanksgiving Holiday. Mr. Franklin informed me that he has decided to make some changes in my job duties and that I would no longer be reporting to Philip Mangano. He then handed me a new job description, Staff Assistant, and informed me that I was to move my belongings from my desk and move to a small office next to a filing room. When I asked him who would be performing my job duties, he informed me that it would be Cynthia Miller. There was no explanation given to me for this drastic move and no formal reorganization was announced to the USICH staff.

Following the Thanksgiving break, I was given two new tasks. One was to reorganize the electronic filing system which took me less than 40 hours to complete, and the other was to put new file folders in the file drawers in the filing room. I began submitting status reports to Mr. Franklin on December 2, 2006 of the little work that I was doing since being removed from my former position. The last report was submitted on March 31, 2006 and I never heard from Mr. Franklin again. I was literally locked in an office with nothing to do. I was required to report to work as usual, was looked at by other staff members,

rarely spoken to, excluded from staff meetings and given absolutely nothing to do, ostracized from my work and my job, ultimately dead ending my career with the USICH.

December 1, 2005 I filed an EEOC complaint against the USICH citing discrimination based on religion and race. Following the informal stage of the EEOC process I was offered 3 months "severance pay" by the agency to settle the case. I refused their offer and proceeded to file a formal complaint against the USICH with the EEOC, representing myself without an attorney due to lack of funds.

I continued to report to work after filing my case and beginning early in March, 2006 I began to experience severe panic attacks mounted with depression due to the treatment I was receiving by the USICH senior staff. On July 3, 2006 I sent an email to Philip Mangano, Darren Franklin, Mary Ellen Hombs, Avis Johnson, and Kim Kendrick stating that it was necessary for me to resign due to the fact that the treatment I was receiving in the office at the USICH was affecting my health. On July 7, 2006 I was admitted to the hospital at George Washington University Medical Center, suffering from severe depression, anxiety, and panic attacks.

During the months of August and September, 2006 I had several conversations with EEOC Administrative Judge Richard Schneider who was assigned to my

EEOC case against the USICH. During one conversation he advised me that "I must have an attorney to proceed." He also informed me that if I was not happy with the EEOC process that I could "file a civil case where there are real judges and real attorneys." He told me in another conversation that if the agency [in this case the USICH] requests a summary judgment, that "95% of the time summary judgment is granted to the agency." In essence, I had a 5% chance at receiving relief and judgment in my favor. On June 10, 2007 I received Judge Richard Schneider's final judgment and on July 20, 2007 I received the agency's final order (letter attached).

For relief I demand $150,000 for lost wages, medical expenses, pain and suffering and emotional distress. I request a TRIAL BY JURY be scheduled to hear my case.

Gary Christian
400 Walnut Grove
Washington, WV 26181



Secretary Michael O. Leavitt
Department of Health
and Human Services
**Chairperson**

**Philip F. Mangano**
Executive Director

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Mr. Gary Christian
30 Walnut Grove
Washington, WV 26181

Re: EEOC Case Number: 570-2006-00528x
    Agency Case No. GSA 06-WAL-GEC-1

Dear Mr. Christian:

This is the final order of the U.S. Interagency Council on Homelessness ("Council on Homelessness" or "the agency") in which the agency is implementing the Equal Employment Opportunity Commission's (EEOC or Commission) decision regarding your complaint filed on January 25, 2006. As described below, it is the final order of the Council on Homelessness to adopt and fully implement the EEOC Administrative Judge's decision without a hearing in favor of the agency.

In accordance with 29 C.F.R. section 1614.108, your complaint was accepted by the U.S. General Services Administration and investigated by F & W Associates. A copy of the report of investigation was provided to you. Subsequently, at your request, your case was transmitted to the EEOC for a hearing. In his decision dated June 7, 2007, which the agency received on June 12, 2007, Administrative Judge Richard E. Schneider granted the agency's motion for judgment without a hearing and held that you were not discriminated against by the Council on Homelessness as you alleged.

Based on a review of the evidentiary record, including the case file, report of investigation and pleadings, I find that the evidence supports the Administrative Judge's decision. Therefore, in accordance with 29 CFR section 1614.110(a) I hereby issue this final order adopting and fully implementing the Administrative Judge's decision in favor of the U.S. Interagency Council on Homelessness.

If you are dissatisfied with this final order, you may file an appeal with the EEOC. An appeal to the EEOC must be postmarked or, absent a postmark, received b

*07 1607*

**FILED**

**SEP 1 1 2007**

**NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT**

the Commission within 30 calendar days from the day you receive the agency's final order. If you are represented by an attorney, the 30-day period for filing a Notice of Appeal begins to run on the day after your attorney receives the agency's final order. An appeal may be filed by completing the enclosed EEOC Form 573 and including a copy of this final order. Additionally, are required by 29 C.F.R 1614.403(a), an appeal should include a separate statement indicating what it is you are appealing. A copy of any appeal, with supporting documents, must also be sent to me. You must certify the date and method by which service was made on the agency regarding any appeal filed with the Commission. Any statement or briefs filed in support of an appeal must be submitted to the Commission, with copies tome, within 30 calendar days from the date the appeal is filed. Appeals to the Commission and supporting documents should be forwarded to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, DC, 20036 (mail), or 1801 L Street, NW, Fifth Floor, Washington, DC 20507 (hand delivered), or (202) 663-7022 (facsimile).

In addition, with respect to claims filed under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, as amended, and/or the Rehabilitation Act of 1973, as amended, a civil action may be filed in the appropriate federal district court in any of the following situations:

    A. Within 90 calendar days of receipt of receipt of the Council on Homelessness' final order on an individual or class complaint if no appeal has been filed the EEOC;

    B. After 180 calendar days from the date of filing an individual or class complaint if an appeal has not been filed with the EEOC and final order has not been issued by the Council on Homelessness;

    C. Within 90 calendar days of receipt of the EEOC's decision on an appeal;

    D. After 180 calendar days from the date of filing an appeal with the EEOC if a decision has not been issued by the EEOC.

If you file a civil action under Title VII of the Civil Rights Act of 1964, as amended, or the Rehabilitation Act of 1973, as amended, and if you do not have or are unable to obtain the services of a lawyer, you may request that the court appoint a lawyer to represent you. In such circumstances as it may deem just, the court may appoint a lawyer and may authorize commencement of the action without payment of fees or costs or posting of security. Any such request must be made within the above referenced 90 day time limit for filing suit and in such form and manner as the court may require.

Finally, please note that if you file a civil action, you must name as the defendant the head of the U.S. Interagency on the Council on Homelessness. Failure to name the head of the agency may result in the loss of any judicial redress to which you may be entitled.

Sincerely,

Philip F. Mangano
Executive Director

Enclosure: EEOC Form 573 (Notice of Appeal/Petition)

cc: Richard E. Schneider, Administrative Judge
    Avis B. Johnson, GSA, NCR, EEO Director
    Allen Phaup, GSA, Office of General Counsel

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

Gary Christian

88888

**DEFENDANTS**

Philip Mangano, Executive Director

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

400 Walnut Grove
Washington, WV  26181
Phone: 304-863-8333

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-01607
Assigned To : Urbina, Ricardo M.
Assign. Date : 9/11/2007
Description: Employ. Discrim.

JURY ACTION

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
Plaintiff

○ 3 Federal Question
(U.S. Government Not a Party)

◉ 2 U.S. Government
Defendant

○ 4 Diversity
(Indicate Citizenship of
Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV.  CASE ASSIGNMENT AND NATURE OF SUIT**
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/
Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency
Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
Administrative Agency is Involved)

○ **D. Temporary Restraining
Order/Preliminary
Injunction**

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

○ **E.  General Civil (Other)**        **OR**        ○ **F.  Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or
defendant
☐ 871 IRS-Third Party 26
USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
Exchange
☐ 875 Customer Challenge 12 USC
3410
☐ 900 Appeal of fee determination
under equal access to Justice
☐ 950 Constitutionality of State
Statutes
☐ 890 Other Statutory Actions (if
not administrative agency
review or Privacy Act

③

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans<br>(excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Title VII, 2000 - Abuse and discrimination of a federal employee based on retaliation, race and religion  *42 USC 2000*

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | **DEMAND $** 150,000<br>**JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☒   NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S)**
**IF ANY**  p.o.      (See instruction)      YES ☐    NO ☒    If yes, please complete related case form.

DATE  09/11/2007      SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.