IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY CHRISTAIN )<br> )<br>    **Plaintiff,** )<br> )<br>v. )<br> )<br> )<br>PHILIP MANGANO, EXECUTIVE )<br> DIRECTOR, U. S. INTERAGENCY )<br> COUNCIL ON HOMELESSNESS )<br> )<br> )<br>    **Defendant.** )<br>_____ ) | Civil Action No. 07- 1607 (RMU) |

**DEFENDANT'S ANSWER TO THE COMPLAINT**

Defendant Philip Mangano, in his official capacity as Executive Director, United States Interagency Council on Homeless (USICH), by its undersigned attorneys, answers Plaintiff's Complaint as follows:

**First Affirmative Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Defendant denies each and every allegation contained in the Complaint except as hereinafter may be expressly admitted. Defendant denies that it discriminated against Plaintiff based on religion, race, or any other impermissible basis.

**Specific Responses**

Because the Complaint is not numbered and pled in accordance with Fed.R.Civ.P. 10(b), each numbered response by Defendant will correspond to Plaintiff's unnumbered paragraph in the Complaint.

1. In response to the allegations contained in unnumbered paragraph one, Defendant admits the allegations except it denies that Plaintiff was a GS-12. USICH employees are not on the General Schedule salary scale.

2. In response to the allegations in unnumbered paragraph two, Defendant admits that beginning January 2, 2005, after Plaintiff was hired as a Program Analyst he was given the responsibility of entering information into the executive director's calendar, typing the executive director's speeches which the executive director wrote, preparing briefing materials, scheduling travel arrangements, gathering news articles and placing them in a binder. Defendant denies any other characterizations of Plaintiff's job duties.

3. In response to the allegations in unnumbered paragraph three, Defendant admits the allegations in the first three sentences. Defendant denies the remaining allegations in the paragraph.

4. In response to the allegations in unnumbered paragraph four, Defendant admits the allegation in the first sentence of the paragraph. Defendant is without information sufficient to admit or deny what, if any, instruction Ms. Rizzo gave to Plaintiff about a formal complaint. Defendant admits that a copy of his complaint was forwarded to the office of the Secretary of Housing and Urban Development. Defendant is without information sufficient to admit or deny the allegation that an informal investigation was made. Defendant is without information sufficient to admit or deny the allegation that Plaintiff "never received an answer to [his] complaint and no apology was made."

5. In response to the allegations in unnumbered paragraph five, Defendant denies the first two sentences in the paragraph. Defendant admits the last sentence in the paragraph.

6. In response to the allegations in unnumbered paragraph six, Defendant admits that Margretta Kennedy resigned on or about March 2005. Defendant is without information sufficient

to admit or deny what Ms. Kennedy told Plaintiff about her resignation. Defendant denies that Margretta Kennedy was asked to approve travel for the executive director which was not official business and denies that Ms. Kennedy was asked by anyone at USICH to perform any illegal acts. Defendant admits the allegations in the last sentence of the paragraph.

      7. In response to the allegations in unnumbered paragraph seven, Defendant admits the allegations in the first sentence of the paragraph. Defendant is without information sufficient to admit or deny the remaining allegations in the paragraph.

      8. In response to the allegations in unnumbered paragraph eight, Defendant admits that on November 23, 2005, there was a meeting among Plaintiff, Mary Ellen Hombs and Darren Franklin. Defendant denies that the meeting was held in Mr. Franklin's office and denies that Plaintiff was asked to report to Mr. Franklin's office. Defendant admits that Mr. Franklin informed Plaintiff that there would be changes in Plaintiff's job duties and that Plaintiff would no longer report to Philip Mangano. Defendant denies that this was solely Mr. Franklin's decision and denies that Mr. Franklin told Plaintiff that it was Mr. Franklin's decision. Defendant admits the allegations in the third sentence of the paragraph. Defendant admits the allegations in the fourth sentence of the paragraph. Defendant denies the allegations in the last sentence of the paragraph.

      9. In response to the allegations in unnumbered paragraph nine, Defendant admits the allegations in the first and second sentences of the paragraph. Defendant admits the allegations in the third sentence of the paragraph, except it denies that Plaintiff had "little work." Defendant denies the remaining allegations in the paragraph.

      10. In response to the allegations in unnumbered paragraph ten, Defendant admits that Plaintiff filed an informal complaint but denies the informal complaint was filed with the EEOC.

Defendant denies that Plaintiff was offered 3 months "severance pay" to settle the case. Defendant admits that Plaintiff rejected an offer from Defendant and Plaintiff filed a formal complaint. Defendant denies the formal complaint was with the EEOC. Defendant is without sufficient information to admit or deny why Plaintiff represented himself.

11. In response to allegations in unnumbered paragraph eleven, Defendant admits that Plaintiff continued to report to work after filing his EEO complaint, but is without information sufficient to admit or deny the remaining allegations in the first sentence. Defendant admits that Plaintiff sent an e-mail announcing he was resigning but Defendant denies the reasons he gives for his resignation and denies that Plaintiff was constructively discharged. Defendant is without sufficient information to admit or deny the third sentence of the paragraph.

12. In response to allegations in unnumbered paragraph twelve, Defendant is without sufficient information to admit or deny to admit or deny the first five sentences in the paragraph. Defendant is without sufficient information to admit or deny when Plaintiff received Judge Scheider's Final Judgment and when Plaintiff received the agency's Final Order.

**Relief**

Defendant states that any relief would be limited by 42 U.S.C. § 2000e-5(g)(2)(B) but denies that Plaintiff is entitled to the relief prayed for or to any relief whatsoever. Defendant also denies that Plaintiff is entitled to recover any damages in connections with the allegations in this Complaint.

## CONCLUSION

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant requests that this civil action be dismissed with prejudice.

Dated: November 19, 2007

                    Respectfully submitted,

/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/_____
 RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/_____
BLANCHE L. BRUCE, D.C. BAR # 960245
Assistant United States Attorney
555- 4th Street, NW
Washington, D.C.  20530
(202) 307-6078

Of Counsel
 F.  Allen Phaup, II
General Services Administration

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of November, 2007, I caused the foregoing to be served by first class mail, postage prepaid, to plaintiff *pro se*:

Gary Christain
400 Walnut Grove
Washington, West Virginia 26181

/s/_____
BLANCHE L. BRUCE, D.C. BAR # 960245
Assistant United States Attorney