### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY CHRISTIAN,              ) | |
|                              ) | |
|    Plaintiff  ) | |
|                              ) | |
|    v.         ) | Civil Action No. 07-1607 (RMU) |
|                              ) | |
| PHILIP MANGANO,              ) | |
| Executive Director           ) | |
| U.S. Interagency Council on Homelessnes ) | |
|    Defendant. ) | |
| _____ ) | |

### DEFENDANT STATUS REPORT PURSUANT TO LOCAL RULE 16.3

The parties have been unable to confer because Plaintiff informed the undersigned counsel on Friday, December 28, 2007 that he does not understand the proceedings and hoped to obtain legal counsel to assist him with this case.[1]

---

[1] On December 5, 2007, via e-mail, the unsigned counsel informed Plaintiff that pursuant to Local Rule 16.3 and the Court's Standing Order for Civil Cases, the parties needed to confer about this case at least 21 days before the status conference scheduled for January 15, 2008 at 10:00 a.m. The undersigned counsel asked Plaintiff to e-mail his position by December 12, 2007. In that same e-mail communication, the undersigned counsel also informed Plaintiff that because she will be out of the office the week of January 7, that she wanted the status report filed by Friday, January 4, 2008 to meet the Court's deadline.

On December 20, 2007, the undersigned counsel e-mailed Defendant's "draft" positions pursuant to Local Rule 16.3. A week later, on December 27, 2007, undersigned counsel received an e-mail from Plaintiff indicating that he had trouble opening the December 20 attachment and that he would be calling the Clerk's Office regarding his request for counsel. Later that day, undersigned counsel e-mailed Defendant's "draft" positions via PDF format. The next day, on Friday, December 28, 2007, the undersigned counsel called and spoke with Plaintiff. During that telephone conversation, Plaintiff informed the undersigned counsel that he did not fully understand the proceeding and hoped to obtain legal counsel for his civil case. The undersigned counsel reminded Plaintiff that she will be out of the office the week of January 7, 2008 and intended to file a status report for Defendant by Friday, January 4. The undersigned counsel also told Plaintiff that counsel would represent that the reason the parties have not conferred on this case is because Plaintiff hoped to obtain legal counsel. (Attachment 1).

Brief Statement of the Case: This is an employment discrimination action brought by Mr. Gary Christian, pro se, against Philip Mangano, in his official capacity as, Executive Director, U.S. Interagency Council on Homeless. Mr. Christian claims discrimination based upon religion and race. Defendant denies the claims. This Court has jurisdiction based upon 42 U.S.C. Sections 2000, et seq.

1. Amendment to Pleadings: Defendant does not anticipate that it will be necessary to amend the pleadings. Defendant does not anticipate that it will be necessary to join third parties.

2. Assignment to Magistrate Judge: Defendant opposes referral of this case to a Magistrate Judge.

3. Settlement Possibility: Defendant believes that settlement discussions might be warranted after the Court has decided the dispositive motions.

4. Alternative Dispute Resolution: Defendant believes that alternative dispute resolution may be appropriate after disposition on post-discovery dispositive motions.

5. Dispositive Motions/Discovery Time frame: Defendant anticipates filing a pre-discovery dispositive motion pursuant to Rule 12(b)(6) or/and 56 of the Federal Rules of Civil Procedure by March 17, 2008.

Defendant believes that any post-discovery dispositive motion, if appropriate, should be filed within sixty (60) days after the close of discovery, that any opposition to such motion should be filed within thirty (30) days of the filing of the dispositive motion, and that any reply brief, should it be necessary, should be filed within fifteen (15) days of the filing of the opposition memorandum.

6. Initial Disclosures: Defendant requests that the parties make initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) within 60 days of the initial scheduling conference.

      7.    <u>Discovery</u>: Defendant proposes that discovery be completed within 120 days from the date that the Court issues its decision on Defendant's pre-discovery dispositive motion. Defendant believes that discovery matters, including limitations placed on discovery, should be governed by the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Columbia. Specifically, Defendant believes that twenty-five (25) interrogatories and seven (7) depositions per party will be sufficient.

      8.    <u>Experts</u>: Defendant does not know whether expert witnesses may be necessary at this time. Defendant will comply with Fed.R.Civ.P. 26(a)(2).

      9.    <u>Bifurcation of Discovery or Trial</u>: Defendant does not see a need for bifurcation at this time.

      10.    <u>Proposed Date for The Pretrial Conference</u>: Defendant believes that a pretrial conference should be scheduled following the Court's rulings on any post-discovery dispositive motion.

11. <u>Trial Date</u>: Defendant believes that the Court should schedule a trial date at the pretrial conference.

Dated: January 4, 2008

Respectfully Submitted,

/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/_____
BLANCHE L. BRUCE D.C. BAR # 960245
Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing <u>Joint Status Report  Report Pursuant to Local Rule 16.3</u> was made by first class, postage prepaid mail, this 4th day of January, 2008 to:

Gary Christian
400 Walnut Grove
Washington, West Virginia 26181

/s/_____
Blanche L. Bruce
Assistant United States Attorney

# Attachment 1

# Bruce, Blanche (USADC)

**From:** Dolci, Richard (USADC)
**Sent:** Wednesday, November 28, 2007 10:20 AM
**To:** Bruce, Blanche (USADC)
**Subject:** RE: Gary Christian's E-mail Address

Blanche:

Gary Christian prefers you contact him by e-mail at garyechristian@aol.com.

Richard

---

**From:** Bruce, Blanche (USADC)
**Sent:** Wednesday, November 28, 2007 9:54 AM
**To:** Dolci, Richard (USADC)
**Subject:**


<< File: requestformediation.wpd >>

1

# Bruce, Blanche (USADC)

| | |
|---|---|
| From: | Bruce, Blanche (USADC) |
| Sent: | Wednesday, December 05, 2007 4:08 PM |
| To: | 'garyechristian@aol.com' |
| Cc: | 'allen.phaup@gsa.gov' |
| Subject: | Christain v. Mangano 07-cv-01607 |

Dear Mr. Christian:

I am the Assistant United States Attorney assigned to represent Philip Mangano, Executive Director, United States Interagency Council on Homeless, in the above-captioned civil case. F. Allen Phaup II, counsel with GSA, is assisting me.

As you know, Judge Urbina has scheduled a status conference for this case on Tuesday, January 15, 2008 at 10:00am. Before the conference, pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3, the parties must meet and confer at least by 21 days before the conference. Twenty-one days before the status conference is December 24, 2007.

It would be helpful if you can inform me of your position on the matters which we must confer by Wednesday, December 12, 2007. I will send the Defendant's position by, Wednesday, December 19, 2007. Once we have both positions, the joint report can be compiled.

Finally, the joint status report must filed at least 7 days before the January 15th status conference. Because I will be out of the office the week of January 7, 2008, I would suggest that our status report be filed by Friday, January 4, 2008.

If you have any questions, I may be reached at (202) 307-6078

Sincerely,
Blanche L. Bruce
AUSA/DC
555 – 4th Street, NW
E-4412
Washington, D.C. 20530

**Bruce, Blanche (USADC)**

| | |
|---|---|
| From: | Bruce, Blanche (USADC) |
| Sent: | Thursday, December 20, 2007 3:35 PM |
| To: | 'garyechristian@aol.com' |
| Cc: | 'allen.phaup@gsa.gov' |
| Subject: | Defendant's draft status report |

Dear Mr. Christian,

Attached is Defendant's **draft** status report pursuant to Local Rule 16.3.  Please e-mail me your positions are the various matters.  As I indicated to you in my December 5, 2007 e-mail, because I will be out of the office the week of January 7, I would like to file the status report with the Court on Friday, January 4, 2008.

Sincerely,

Blanche L. Bruce
AUSA/DC
(202) 307-6078


DraftDefendantJoin
tStatusRepor...

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY CHRISTIAN,<br><br>    Plaintiff<br><br>    v.<br><br>PHILIP MANGANO,<br>Executive Director<br>U.S. Interagency Council on Homelessnes<br>    Defendant. | Civil Action No. 07-698(JR) |

# Draft

## [JOINT] STATUS REPORT PURSUANT TO LOCAL RULE 16.3

Pursuant to Local Rule 16.3, the parties have a duty to confer prior to the status hearing. Therefore, [the parties] file with this Court, a status report setting forth their positions.

1. <u>Amendment to Pleadings</u>: Defendant does not anticipate that it will be necessary to amend the pleadings. Defendant does not anticipate that it will be necessary to join third parties.

2. <u>Assignment to Magistrate Judge</u>: Defendant opposes referral of this case to a Magistrate Judge.

3. <u>Settlement Possibility</u>: Defendant believes that settlement discussions might be warranted after the Court has decided the dispositive motions.

4. <u>Alternative Dispute Resolution</u>: Defendant believes that alternative dispute resolution may be appropriate after disposition on post-discovery dispositive motions.

5. <u>Dispositive Motions/Discovery Time frame</u>: Defendant anticipates filing a pre-discovery dispositive motion pursuant to Rule 12(b)(6) or/and 56 of the Federal Rules of Civil

Procedure by March 17, 2008.

Defendant believes that any post-discovery dispositive motion, if appropriate, should be filed within sixty (60) days after the close of discovery, that any opposition to such motion should be filed within thirty (30) days of the filing of the dispositive motion, and that any reply brief, should it be necessary, should be filed within fifteen (15) days of the filing of the opposition memorandum.

6.   Initial Disclosures: Defendant requests that the parties make initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) within 60 days of the initial scheduling conference.

7.   Discovery: Defendant proposes that discovery be completed within 90 days from the date that the Court issues its decision on Defendant's pre-discovery dispositive motion. Defendant believes that discovery matters, including limitations placed on discovery, should be governed by the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Columbia. Specifically, Defendant believes that twenty-five (25) interrogatories and seven (7) depositions per party will be sufficient.

8.   Experts: Defendant does not know whether expert witnesses may be necessary at this time. Defendant proposes that any experts be designated no later than twenty (20) days after the commencement of discovery, and that any rebuttal experts be designated no later than fifteen (15) days thereafter. Defendant proposes that all other requirements of Fed.R.Civ.P. 26 regarding experts should apply.

9.   Bifurcation of Discovery or Trial: Defendant does not see a need for bifurcation at this time.

10.   Proposed Date for The Pretrial Conference: Defendant believes that a pretrial conference should be scheduled following the Court's rulings on any post-discovery dispositive

motion.

11.   <u>Trial Date</u>: Defendant believes that the Court should schedule a trial date at the pretrial conference.

Dated: December  , 2008

                                Respectfully Submitted,

                                _____
                                JEFFREY A. TAYLOR, D.C. BAR # 498610
                                United States Attorney

                                _____
                                RUDOLPH CONTRERAS, D.C. BAR # 434122
                                Assistant United States Attorney

                                _____
                                BLANCHE L. BRUCE D.C. BAR # 960245
                                Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing <u>Joint Status Report  Report Pursuant to Local Rule 16.3</u> was made by e-mail <u>and</u> first class, postage prepaid mail, this th day of January , 2000 to:

Gary Christian
400 Walnut Grove
Washington, West Virginia 26181

**DRAFT**

                                _____
                                Blanche L. Bruce
                                Assistant United States Attorney

# Bruce, Blanche (USADC)

| | |
|---|---|
| **From:** | Bruce, Blanche (USADC) |
| **Sent:** | Thursday, December 27, 2007 1:17 PM |
| **To:** | 'garyechristian@aol.com' |
| **Cc:** | allen.phaup@gsa.gov |
| **Subject:** | RE: Defendant's draft status report |
| **Attachments:** | DraftDefendantJointStatusReport12.20.07.pdf |

Dear Mr. Christian –

Attached is a copy of the defendant draft status report in PDF format. I will also place a copy in the mail to you. I left a phone message for you about 1pm today but there was no answer.

Sincerely,

Blanche L. Bruce

---

**From:** garyechristian@aol.com [mailto:garyechristian@aol.com]
**Sent:** Thursday, December 27, 2007 12:55 AM
**To:** Bruce, Blanche (USADC)
**Cc:** allen.phaup@gsa.gov
**Subject:** Re: Defendant's draft status report

Dear Mr. Bruce:

I am not able to open the attached draft status report as the computer that I am utilizing here at my current residence does not have MSWord installed. Please mail a copy of this draft to my current physical address: 400 Walnut Grove, Washington, WV 26181.

I will be calling the Clerk at the U.S. District Court in Washington, DC no later than 12/29/2007, asking for status on my motion to obtain legal counsel, included with my original complaint, as is my right under Title VII of the Civil Rights Act of 1964, as amended, or the Rehabilitation Act of 1973.

My current position in this case, legal counsel notwithstanding, is to move forward with a hearing before a judge and jury. I am open to meeting with you and the defendant, but only after finding that legal counsel is unavailable and/or denied.

As my computer accessibility is limited, <u>please make all further communications regarding this case to my current telephone at 304-863-8333</u>.

Sincerely,

Gary Christian
400 Walnut Grove
Washington, WV 26181
Ph: 304-863-8333

1

-----Original Message-----
From: Bruce, Blanche (USADC) <Blanche.Bruce@usdoj.gov>
To: garyechristian@aol.com
Cc: allen.phaup@gsa.gov
Sent: Thu, 20 Dec 2007 3:35 pm
Subject: Defendant's draft status report

Dear Mr. Christian,
Attached is Defendant's **draft** status report pursuant to Local Rule 16.3.  Please e-mail me your positions are the various matters.  As I indicated to you in my December 5, 2007 e-mail, because I will be out of the office the week of January 7, I would like to file the status report with the Court on Friday, January 4, 2008.
Sincerely,
Blanche L. Bruce
AUSA/DC
(202) 307-6078
<<DraftDefendantJointStatusReport12.20.07.wpd>>

More new features than ever. Check out the new AOL Mail!

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY CHRISTIAN, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 07-698(JR) |
| ) | |
| PHILIP MANGANO, ) | |
| Executive Director ) | |
| U.S. Interagency Council on Homelessnes ) | |
| Defendant. ) | |
| ) | |

# Draft

## [JOINT] STATUS REPORT PURSUANT TO LOCAL RULE 16.3

Pursuant to Local Rule 16.3, the parties have a duty to confer prior to the status hearing. Therefore, [the parties] file with this Court, a status report setting forth their positions.

1. <u>Amendment to Pleadings</u>: Defendant does not anticipate that it will be necessary to amend the pleadings. Defendant does not anticipate that it will be necessary to join third parties.

2. <u>Assignment to Magistrate Judge</u>: Defendant opposes referral of this case to a Magistrate Judge.

3. <u>Settlement Possibility</u>: Defendant believes that settlement discussions might be warranted after the Court has decided the dispositive motions.

4. <u>Alternative Dispute Resolution</u>: Defendant believes that alternative dispute resolution may be appropriate after disposition on post-discovery dispositive motions.

5. <u>Dispositive Motions/Discovery Time frame</u>: Defendant anticipates filing a pre-discovery dispositive motion pursuant to Rule 12(b)(6) or/and 56 of the Federal Rules of Civil

Procedure by March 17, 2008.

Defendant believes that any post-discovery dispositive motion, if appropriate, should be filed within sixty (60) days after the close of discovery, that any opposition to such motion should be filed within thirty (30) days of the filing of the dispositive motion, and that any reply brief, should it be necessary, should be filed within fifteen (15) days of the filing of the opposition memorandum.

6.  Initial Disclosures: Defendant requests that the parties make initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) within 60 days of the initial scheduling conference.

7.  Discovery: Defendant proposes that discovery be completed within 90 days from the date that the Court issues its decision on Defendant's pre-discovery dispositive motion. Defendant believes that discovery matters, including limitations placed on discovery, should be governed by the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Columbia. Specifically, Defendant believes that twenty-five (25) interrogatories and seven (7) depositions per party will be sufficient.

8.  Experts: Defendant does not know whether expert witnesses may be necessary at this time. Defendant proposes that any experts be designated no later than twenty (20) days after the commencement of discovery, and that any rebuttal experts be designated no later than fifteen (15) days thereafter. Defendant proposes that all other requirements of Fed.R.Civ.P. 26 regarding experts should apply.

9.  Bifurcation of Discovery or Trial: Defendant does not see a need for bifurcation at this time.

10. Proposed Date for The Pretrial Conference: Defendant believes that a pretrial conference should be scheduled following the Court's rulings on any post-discovery dispositive

2

motion.

11.     Trial Date: Defendant believes that the Court should schedule a trial date at the pretrial conference.

Dated: December   , 2008

                              Respectfully Submitted,

                              _____
                              JEFFREY A. TAYLOR, D.C. BAR # 498610
                              United States Attorney

                              _____
                              RUDOLPH CONTRERAS, D.C. BAR # 434122
                              Assistant United States Attorney

                              _____
                              BLANCHE L. BRUCE D.C. BAR # 960245
                              Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Joint Status Report  Report Pursuant to Local Rule 16.3 was made by e-mail and first class, postage prepaid mail, this  th day of January  , 2008 to:

Gary Christian
400 Walnut Grove
Washington, West Virginia 26181

                              **DRAFT**

                              _____
                              Blanche L. Bruce
                              Assistant United States Attorney

**Bruce, Blanche (USADC)**

| | |
|---|---|
| From: | garyechristian@aol.com |
| Sent: | Thursday, December 27, 2007 12:55 AM |
| To: | Bruce, Blanche (USADC) |
| Cc: | allen.phaup@gsa.gov |
| Subject: | Re: Defendant's draft status report |

Dear Mr. Bruce:

I am not able to open the attached draft status report as the computer that I am utilizing here at my current residence does not have MSWord installed. Please mail a copy of this draft to my current physical address: 400 Walnut Grove, Washington, WV 26181.

I will be calling the Clerk at the U.S. District Court in Washington, DC no later than 12/29/2007, asking for status on my motion to obtain legal counsel, included with my original complaint, as is my right under Title VII of the Civil Rights Act of 1964, as amended, or the Rehabilitation Act of 1973.

My current position in this case, legal counsel notwithstanding, is to move forward with a hearing before a judge and jury. I am open to meeting with you and the defendant, but only after finding that legal counsel is unavailable and/or denied.

As my computer accessibility is limited, <u>please make all further communications regarding this case to my current telephone at 304-863-8333</u>.

Sincerely,

Gary Christian
400 Walnut Grove
Washington, WV 26181
Ph: 304-863-8333


-----Original Message-----
From: Bruce, Blanche (USADC) <Blanche.Bruce@usdoj.gov>
To: garyechristian@aol.com
Cc: allen.phaup@gsa.gov
Sent: Thu, 20 Dec 2007 3:35 pm
Subject: Defendant's draft status report

Dear Mr. Christian,
Attached is Defendant's **draft** status report pursuant to Local Rule 16.3. Please e-mail me your positions are the various matters. As I indicated to you in my December 5, 2007 e-mail, because I will be out of the office the week of January 7, I would like to file the status report with the Court on Friday, January 4, 2008.
Sincerely,
Blanche L. Bruce
AUSA/DC
(202) 307-6078
<<DraftDefendantJointStatusReport12.20.07.wpd>>

More new features than ever. Check out the new AOL Mail!

# Bruce, Blanche (USADC)

| | |
|---|---|
| **From:** | Bruce, Blanche (USADC) |
| **Sent:** | Thursday, December 27, 2007 1:17 PM |
| **To:** | 'garyechristian@aol.com' |
| **Cc:** | allen.phaup@gsa.gov |
| **Subject:** | RE: Defendant's draft status report |
| **Attachments:** | DraftDefendantJointStatusReport12.20.07.pdf |

Dear Mr. Christian –

Attached is a copy of the defendant draft status report in PDF format. I will also place a copy in the mail to you. I left a phone message for you about 1pm today but there was no answer.

Sincerely,

Blanche L. Bruce

---

**From:** garyechristian@aol.com [mailto:garyechristian@aol.com]
**Sent:** Thursday, December 27, 2007 12:55 AM
**To:** Bruce, Blanche (USADC)
**Cc:** allen.phaup@gsa.gov
**Subject:** Re: Defendant's draft status report

Dear Mr. Bruce:

I am not able to open the attached draft status report as the computer that I am utilizing here at my current residence does not have MSWord installed. Please mail a copy of this draft to my current physical address: 400 Walnut Grove, Washington, WV 26181.

I will be calling the Clerk at the U.S. District Court in Washington, DC no later than 12/29/2007, asking for status on my motion to obtain legal counsel, included with my original complaint, as is my right under Title VII of the Civil Rights Act of 1964, as amended, or the Rehabilitation Act of 1973.

My current position in this case, legal counsel notwithstanding, is to move forward with a hearing before a judge and jury. I am open to meeting with you and the defendant, but only after finding that legal counsel is unavailable and/or denied.

As my computer accessibility is limited, please make all further communications regarding this case to my current telephone at 304-863-8333.

Sincerely,

Gary Christian
400 Walnut Grove
Washington, WV 26181
Ph: 304-863-8333

1

-----Original Message-----
From: Bruce, Blanche (USADC) <Blanche.Bruce@usdoj.gov>
To: garyechristian@aol.com
Cc: allen.phaup@gsa.gov
Sent: Thu, 20 Dec 2007 3:35 pm
Subject: Defendant's draft status report

Dear Mr. Christian,
Attached is Defendant's **draft** status report pursuant to Local Rule 16.3.   Please e-mail me your positions are the various matters.   As I indicated to you in my December 5, 2007 e-mail, because I will be out of the office the week of January 7, I would like to file the status report with the Court on Friday, January 4, 2008.
Sincerely,
Blanche L. Bruce
AUSA/DC
(202) 307-6078
<<DraftDefendantJointStatusReport12.20.07.wpd>>

_____

More new features than ever. Check out the new AOL Mail!

2